UNITED STATES DISTRICT COURT
For the
Southern District of Florida

MARCIA GLOBUS

Civil Action No.
11-CV-62598 WILLIAMS/SELTZER

Plaintiff

v.

AMARAJ, LLC, A Florida Limited Liability Company,
d/b/a FIVE GUYS BURGERS AND FRIES and
PEMBROKE LAKES SQUARE, LLC
Defendants.

_____/

## CONSENT DECREE

This Consent Decree is entered into by and between MARCIA GLOBUS, individually, ("Plaintiff") and PEMBROKE LAKES SQUARE, LLC, a Florida Limited Liability Company and PEMBROKE LAKES SQUARE II, LLC, a Florida Limited Liability Company ("Defendant" and together with the Plaintiff "the Parties") on the date entered by the Court (the "Effective Date").

1. **The Subject Property.** Defendant is the lessor and owner of the property known as PEMBROKE LAKES SQUARE, LLC, located at 11037 PINES BOULEVARD, PEMBROKE PINES, FLORIDA (hereinafter the "Subject Property"). Plaintiff alleges that there are architectural barriers existing at the Subject Property that constitute violations of the Americans with Disabilities Act ("ADA") that unlawfully limit the Plaintiff's use of the Subject Property. Defendant denies the allegations of the Plaintiff's Complaint. The Parties have determined and agreed that the remediation of the conditions identified on Exhibit "A" (the "Modification Plan"), which is attached hereto and made a part hereof, through the remedial measures as set forth in the Modification Plan, constitute such measures as are readily achievable to bring

1

Defendant and the Subject Property into compliance with the ADA and that such measures, upon implementation, shall constitute compliance of those conditions with the ADA to the maximum extent feasible. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

2. **Completion Date.** Defendant agrees to complete the modifications listed in the Modification Plan within 12 months of the date of this agreement, unless a later date is agreed to by Plaintiff and Defendant for a particular item, in which case the later date will control for that particular item.

3. **Time for Modifications:**   The alterations and modifications required hereby shall be completed in all respects within twelve months from the date of the signing of this Consent Decree (subject to the contingencies described below). Plaintiffs' representatives shall be provided access to the premises upon twenty-four (24) hours notice during normal business hours to verify progress and completion of the work required hereby.

The Parties agree that in the event Defendants have timely commenced the modifications required hereby, and have proceeded with the completion thereof in good faith and with due diligence, but have been delayed in the completion thereof due to acts of God, or events beyond the control of Defendants, then, only to the extent the failure to timely complete does not result from Defendants' failure to act diligently and in good faith and provided that, before the expiration of time for completion of the requirements established hereby, Defendants provide Plaintiffs with written notice of the specific non-compliance and the reasons therefore, the time requirements established hereby shall be extended only to the extent necessitated by such acts of God or other events beyond Defendants' control.

4.      **Breach:**  The Parties are unable to ascertain with definitiveness the value of damages Plaintiffs would incur in the event that Defendants fail to timely complete the alterations and modifications required by this Stipulation for Settlement. The parties wish, however, to ascribe a range of values for damages resulting from such non-compliance. The parties therefore agree that should Defendants fail to timely comply with the alterations and modifications required hereby, or should Defendants fail to comply with the other requirements set forth in this Stipulation, then Plaintiffs shall be awarded as liquidated damages a sum of no less than $50.00 per day and no more than $100.00 per day until said alterations and modifications or other requirements are complete.  The appropriate amount to be awarded within that stipulated range will be determined by the Court in relation to the severity of the Defendants' non-compliance.  Plaintiffs shall be entitled to award for those damages and to obtain injunctive relief from the Court to compel compliance with the terms of this Consent Decree.  Additionally, in the event the modifications and alterations set forth herein are not completed timely, or Defendants otherwise fail to comply with this Consent Decree, Plaintiffs shall be entitled to all reasonable attorneys' and reasonable expert's fees and costs incurred by Plaintiffs to enforce the terms of this Consent Decree.

5. **Failure to Timely Complete Modifications.** The Parties agree that if the alterations and/or modifications required herein are not timely completed due to acts of God, third-parties, terrorism, war or other reasons beyond the control of the Defendant (such as a delay in obtaining or inability to obtain building permits, failure of county or city inspectors to make inspections, shortages in construction materials, contractor defaults, work stoppages due to labor related disputes or weather conditions, operational and guest service priorities, maintenance priorities, availability of materials, budgetary constraints, revenue, financial resources, work force

shortages, limited resources, safety concerns, administrative and fiscal restraints, size and scope of the tasks to complete and/or changes in the Americans with Disabilities Act Accessibility Guidelines (as hereinafter defined "ADAAG") or other applicable local, state and federal codes, or the financial resources of Defendant's parent corporation, etc.) or as a result of those factors set forth in 36 C.F.R. § 36.304 and 42 U.S.C. § 12181(9) then the Defendant shall be allowed additional time in which to complete the Modification Plan and shall not be deemed to be in violation of the compliance dates contained herein as long as Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter. In the event any of the factors set forth herein necessitate additional time to complete the Modification Plan agreed upon by the Parties, Defendant shall notify Plaintiff of the need for additional time to complete the required modifications. Plaintiff shall not unreasonably withhold his consent to any reasonable extension requested. Defendant will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

6. **Re-inspection by Plaintiff.** Upon written request by Plaintiff, Defendant will allow the Plaintiff to re-inspect the Subject Property with such re-inspection to occur by April 1, 2013. Plaintiff shall provide such written request to Defendant after March 1, 2013 but before April 15 2013 (the "Notice Period"). Such notice shall be provided to Defendant in accordance with Paragraph 15 of this Consent Decree. Plaintiff's right to perform a re-inspection shall be waived if Plaintiff fails to timely provide a written request for a re-inspection to Defendant within the Notice Period. Plaintiff's counsel, expert(s) and/or representatives shall, upon forty-eight (48) hours advance written notice, be provided access to the Subject Property to conduct a re-inspection and to verify commencement, progress and completion of the work agreed to. Such

4

re-inspection and verification shall be at the Plaintiff's sole cost and expense. To the extent Defendant requests additional time to complete the modifications/alterations required in the Modification Plan, Plaintiff's deadline to request and perform a re-inspection, shall be extended by the corresponding time.

7. **Cure Period.** To the extent Plaintiff or his attorneys maintain that any or all of the parameters of this Consent Decree or the agreed upon Modification Plan have not been complied with, Plaintiff shall provide written notice in accordance with Paragraph 15 of this Consent Decree to Defendant allowing it sixty (60) days to cure (or such longer period to which the parties may mutually agree in writing, the "Cure Period"). During such Cure Period, to the Parties agree to negotiate, in good faith, any dispute. Notice, as stated in this Paragraph, shall constitute a condition precedent to filing any subsequent suit or action for enforcement of this Consent Decree. Failure by Plaintiff to provide such notice to Defendant within ten (10) days following the expiration of the Notice Period set forth in Paragraph 4, shall be deemed to constitute Plaintiff's acceptance and approval of the modifications and full performance by Defendant of its obligations under this Consent Decree.

8. **Settlement.** Defendant shall pay Plaintiff's counsel, Ron E. Stern, of the Advocacy Law Firm, P.A., Plaintiff's attorneys' fees, litigation expenses and costs incurred in this matter, and for Plaintiff's expert fees and costs incurred in this matter. The amount to be paid has been established by counsel for each of the parties by separate letter agreement, which is incorporated as part of this Consent Decree, and shall be in full settlement of Plaintiff's attorneys' fees, expert fees, Rule 34 inspection fees, re-inspection fees, litigation costs and other expenses in this matter. The parties hereby agree that Pembroke Lakes Square, LLC and Pembroke Lakes Square

II, LLC, are not "joint and severally" liable for the alleged interior violations set forth in the Plaintiff's Complaint.

9. **Jurisdiction of the Court.** The Court shall retain jurisdiction to enforce, as necessary, the terms of this Consent Decree.

10. **Prevailing Party.** In any action to enforce this Consent Decree, the prevailing party shall be entitled to its attorneys' fees, costs and expert fees.

11. **Successor and Assigns.** This Consent Decree shall be binding upon and inure to the benefit of the Parties and their respective successor and/or assigns. The Parties shall perform their obligations under this Consent Decree in good faith.

12. **Release.** Upon the Court's approval of this Consent Decree, Plaintiff, his employees, agents, members, partners, successors, assigns, and heirs, ("First Party") hereby releases, acquits, satisfies and discharges Pembroke Lakes Square, LLC, and Pembroke Lakes Square II, LLC its officers, directors, members, partners, general partners, limited partners, employees, joint venture partners, asset managers, property managers, servicers, agents, affiliated or related entities, successors, assigns, predecessors, successors, stockholders, owners, representatives, parent companies, subsidiary companies, attorneys, lenders, accountants, insurers, and any other persons acting by, through, under or in concert with any of the above entities ("Second Party") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind, whether based in equity or law, which First Party may have, may have had, or may hereafter raise against Second Party, whether known or unknown, but not limited to those arising under Title III of the ADA, and/or any other federal, state or local law governing physical access features for persons with disabilities at places of public accommodation whether before any federal, state or local agency, court of law, or before any

6

other forum, relating to the Subject Property, including all claims by Plaintiff for attorneys' fees, expert fees, litigation expenses, damages, and costs.

13. **References.** Any and all references to the ADAAG shall be to "Appendix A" to the 1991 ADA Standards for Accessible Design, codified at 28 C.F.R. part 36, app. A (2009) (the "ADAAG"). Words and phrases used in Exhibit A to this Agreement that have definitions provided in the ADAAG or 28 C.F.R. § 36.104 shall be construed as defined in the ADAAG or 28 C.F.R. § 36.104 (2009), as applicable. For any Modification agreed to herein, the Parties acknowledge that a particular architectural element's compliance with the standards set forth in ICC/ANSI A117.1-1998 or the 2010 ADA Standards for Accessible Design signed by Attorney General Holder on July 23, 2010 ("2010 Standards") will constitute an acceptable equivalent facilitation to the corresponding ADAAG standards otherwise required by this Agreement. Completion of the Modifications pursuant to the ADAAG or the 2010 Standards shall be considered full compliance with the ADA. All dimensions of applicable Modifications are subject to conventional building industry tolerances for field conditions.

14. **Alternate Barrier Removal.** If in the course of carrying out the Modification Plan, Defendant determines that some or several items required by under this Consent Decree would be technically infeasible (as defined in § 4.1.6 of the ADAAG), structurally impracticable (as defined in § 4.1.1 of the ADAAG) or not readily achievable (as defined in 28 C.F.R. § 36.104) to carry out, Defendant shall promptly notify Plaintiff and propose alternate barrier removal steps to remove the applicable barrier(s) to the maximum extent feasible and readily achievable as provided for in 28 C.F.R. § 36.304. Plaintiff shall not unreasonably withhold or delay his approval. If the Parties cannot agree on alternate barrier removal steps, the matter may be submitted to the Court for decision. In such event, there shall be no discovery allowed by either

party, except that which is agreed to by the Parties as is necessary to resolve the issue in dispute, but also narrowly limited to the issue in dispute. If the Parties cannot agree on the scope of discovery, the Court may determine the extent of discovery allowed, but such discovery shall be narrowly limited to the issue in dispute.

15. **Change in Applicable Laws.** In the event any regulations or code provisions as of the Effective Date are changed by effective and binding law to be less stringent, the terms of this Consent Decree will not have to be complied with by Defendant, and Defendant will be able to use the less stringent standards. However, where the terms of this Consent Decree are less stringent than the regulation or code provisions, the terms of this Consent Decree control (based upon the negotiations of the Parties and the arrangements to eliminate problems where there are matters that are infeasible). The purpose of this clause is to ensure that Defendant can either use the terms of this Consent Decree or the code provisions, whichever are less stringent, to have the benefit of the readily achievable objectives that would be applicable, since a portion of the facility was built prior to the statutory and regulatory provisions, and the Parties are trying to work out appropriate and readily achievable objectives.

16. **Assignment.** The Parties acknowledge and agree that nothing contained herein shall prevent Defendant from assigning its obligations under this Consent Decree to a successor owner, operator, lessor or lessee of the Subject Property. Should Defendant assign its obligations under this Consent Decree to a successor owner, operator, lessor or lessee of the Subject Property, and such successor agrees in writing to assume such obligations, the Plaintiff agrees that Defendant shall be released from any and all claims or causes of actions relating to obligations set forth in this Consent Decree, including but not limited to, any action taken to enforce the terms of this Consent Decree. To the extent any cause of action or claim is brought

against a successor owner, operator, lessor or lessee of the Subject Property, said cause of action or claim shall be limited solely and exclusively to an action to enforce the terms of this Consent Decree. Except for an action to enforce the terms of this Consent Decree, Plaintiff releases all successor owners, operators, lessors or lessees from all other claims or causes of action as more fully set forth in Paragraph 12, *supra*.

17. **Notice.** To the extent notice is to be provided to Plaintiff or Defendant under the terms of this Consent Decree, each notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Notice to Plaintiff shall also be sent via e-mail to Plaintiff's attorney. Notice to Defendant shall also be sent via e-mail to Defendant's attorney and Pembroke Lakes Square, LLC c/o Louis Carosella. Each notice shall be effective upon being so deposited and the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of deposit of the notice by the addressee thereof, as evidenced by the receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no notice was given, shall be deemed to be the receipt of the notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The Parties' addresses for providing notices hereunder shall be as follows:

To MARCIA GLOBUS:

_____

MARCIA GLOBUS
Ronald E. Stern, Esq.
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Blvd.,Suite 503
Hallandale Beach, FL 33009
Email: ronsternlaw@gmail.com

To PEMBROKE LAKES SQUARE, LLC

_____

With a copy to:                              LOUIS CAROSELLA
                                             101 PLAZA REAL SOUTH, SUITE 200
                                             BOCA RATON, FLORIDA 33432

18. **Tax Credit.** The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

19. **Counterparts.** This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

20. Upon execution of this agreement, the parties shall file a Stipulation for Dismissal with Prejudice of this action.

**SIGNATURES:**

MARCIA GLOBUS _____

**Date:** _____

**Pembroke Lakes Square, LLC &
Pembroke Lakes Square II, LLC**
By Its Managing Member: RPG Holdings, Inc.

_Louis Carosella_
By: Louis Carosella, Vice President

To PEMBROKE LAKES SQUARE, LLC

_____

With a copy to:                                    LOUIS CAROSELLA
                                                   101 PLAZA REAL SOUTH, SUITE 200
                                                   BOCA RATON, FLORIDA 33432

18. **Tax Credit.** The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

19. **Counterparts.** This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

**SIGNATURES:**

MARCIA GLOBUS _Marcia Globus_____

**Date:** _2/28/12_____

PEMBROKE LAKES SQUARE, LLC

**By:**_____

**Print Name:** _____

**Its:** _____

**Date:**_____

10

## EXHIBIT "A"

## MODIFICATION PLAN

a. Defendant must add a compliant ramp on the curb in between retail spaces 314 and 400 and between retail spaces 200 and 300. See Site Plan attached hereto as Exhibit 1.

      i.      The ramps must also follow the rule of conspicuity: the color of the ramp must be more contrasting to the rest of the sidewalk (a bright yellow would be the best choice; otherwise, the ramps should be of a lighter color, at least .6 in contrast)

b. Proper hatching must be placed on the street, between buildings 200 and 300 and between buildings 300-400. See Site Plan attached hereto as Exhibit 1.

c. The accessible routes connecting building 200 to 300 and building 300 and 400 must be in a straight line (currently, some are curved and therefore a danger to individuals who are blind). See site plan attached hereto as Exhibit 1.

d. The accessible parking spots by the *Farmer's Market*, retail space number 102, must be restriped and repainted. See site plan attached hereto as Exhibit 1.

e. Defendant shall maintain all palm trees so that none protrude into an accessible path. The palm trees cannot protrude more than 4 inches into the accessible path.

f. A sign should be placed in a conspicuous place on the west side of building 300 and the east side of building 300 informing people that it is not an accessible route. See site plan attached hereto as Exhibit 1.

## END OF EXHIBIT